IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, on behalf of herself and other similarly situated Plaintiffs, <br><br> *Plaintiff,* <br><br> v. <br><br> A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a THE COVER GIRLS; D WG FM, INC d/b/a SPLENDOR, D. TEXAS INVESTMENTS INC / AHD HOUSTON d/b/a TREASURES GENTLEMENS CLUB; ALI DAVARI and HASSAN DAVARI, <br><br> *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:23-cv-01025 <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' ORIGINAL ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants A.H.D. Houston, Inc., W.L. York, Inc., D WG FM, Inc., D. Texas Investments, Inc., (collectively "Defendants") file this Original Answer to Plaintiffs Liosha Williams, Destiny Ilori, Jalaycia Declouet, Lindsey Smith, and Corina Castro's (collectively, "Plaintiffs") First Amended Complaint.

**RESPONSE TO NATURE OF THE ACTION**

1. Defendants deny all allegations contained in paragraph 1 of the FAC.

2. Defendants deny all allegations contained in paragraph 2 of the FAC.

3. Defendants deny all allegations contained in paragraph 3 of the FAC.

4. Defendants deny all allegations contained in paragraph 4 of the FAC.

5. Defendants deny all allegations contained in paragraph 5 of the FAC.

6.     Defendants admit that Ali Davari and Hasan Davari own and operate adult entertainment establishments including all the Defendant Clubs. Defendants deny the remaining allegations contained in paragraph 6 of the FAC.

7.     Defendants deny all allegations contained in paragraph 7 of the FAC.

8.     Plaintiff Nicholson's claims have been dismissed with prejudice. Defendants deny all the allegations contained in paragraph 8 of the FAC.

9.     Plaintiff Nicholson's claims have been dismissed with prejudice. Defendants deny all the allegations contained in paragraph 9 of the FAC.

10.     Defendants deny all allegations contained in paragraph 10 of the FAC.

11.     Defendants deny all allegations contained in paragraph 11 of the FAC.

12.     Defendants deny all allegations contained in paragraph 12 of the FAC.

13A.     Defendants admit that Plaintiff Ilori is an African American and deny the remaining allegations in paragraph 13A of the FAC.

13B.     Defendants deny all allegations contained in paragraph 13B of the FAC.

14.     Defendants lack sufficient information to admit or deny all allegations contained in paragraph 14 of the FAC.

15.     Defendants admit that Plaintiff Declouet is an African American and deny the remaining allegations in paragraph 15 of the FAC.

16.     Defendants deny all allegations in paragraph 16 of the FAC.

17.     Defendants lack sufficient information to admit or deny all allegations contained in paragraph 17 of the FAC.

18.     Defendants admit that Plaintiff Smith is an African American and deny the remaining allegations in paragraph 18 of the FAC.

19.     Defendants lack sufficient information to admit or deny all allegations contained in paragraph 19 of the FAC.

20. Plaintiff Vann's claims have been dismissed with prejudice. Defendants admit that Plaintiff Vann is an African American and deny the remaining allegations in paragraph 20 of the FAC.

21. Plaintiff Vann's claims have been dismissed with prejudice. Defendants lack sufficient information to admit or deny all allegations contained in paragraph 21 of the FAC.

22. Defendants admit that Plaintiff Castro is an African American and deny the remaining allegations in paragraph 22 of the FAC.

23. Defendants lack sufficient information to admit or deny all allegations contained in paragraph 23 of the FAC.

24. Defendants deny all allegations contained in paragraph 24 of the FAC.

25. Defendants deny all allegations contained in paragraph 25 of the FAC.

26. Defendants deny all allegations contained in paragraph 26 of the FAC.

## RESPONSE TO PARTIES

27. Plaintiff Nicholson's claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 27 of the FAC.

28. Defendants admit that Plaintiff Williams is an African American and lack sufficient information to admit or deny the remaining allegations contained in paragraph 28 of the FAC.

29. Defendants admit that Plaintiff Ilori is an African American and lack sufficient information to admit or deny the remaining allegations contained in paragraph 29 of the FAC.

30. Defendants admit that Plaintiff Declouet is an African American and lack sufficient information to admit or deny the remaining allegations contained in paragraph 30 of the FAC.

31. Defendants admit that Plaintiff Smith is an African American and lack sufficient information to admit or deny the remaining allegations contained in paragraph 31 of the FAC.

32.     Plaintiff Vann's claims have been dismissed with prejudice.  Defendants admit that Plaintiff Vann is an African American and lack sufficient information to admit or deny the remaining allegations contained in paragraph 32 of the FAC.

33.     Defendants admit that Plaintiff Castro is an African American and lack sufficient information to admit or deny the remaining allegations contained in paragraph 33 of the FAC.

34.     Defendants deny all allegations contained in paragraph 34 of the FAC.

35.     Defendants admit all allegations contained in paragraph 35 of the FAC.

36.     Defendants admit all allegations contained in paragraph 36 of the FAC.

37.     Defendants admit all allegations contained in paragraph 37 of the FAC.

38.     Defendants deny all allegations contained in paragraph 38 of the FAC.

39.     Plaintiffs' claims against Ali Davari have been dismissed.

40.     Plaintiffs' claims against Hassan Davari have been dismissed.

41.     Defendants deny all allegations contained in paragraph 41 of the FAC.

42.     Defendants deny all allegations contained in paragraph 42 of the FAC.

43.     Defendants deny all allegations contained in paragraph 43 of the FAC.

## RESPONSE TO VENUE AND JURISDICTION

44.     Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' claims. Defendants deny all remaining allegations contained in paragraph 44 of the FAC.

41.     Defendants admit all allegations contained in paragraph 41 of the FAC.

## RESPONSE TO FACTS

42.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 42 of the FAC.

43.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 43 of the FAC.

44.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 44 of the FAC.

45.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 45 of the FAC.

46.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 46 of the FAC.

47.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 47)of the FAC.

48.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 48 of the FAC.

49.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 49 of the FAC.

50.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 50 of the FAC.

51.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 51 of the FAC.

52.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 52 of the FAC.

53.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 53 of the FAC.

54.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 54 of the FAC.

55.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 55 of the FAC.

56.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 56 of the FAC.

57.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 57 of the FAC.

58.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 58 of the FAC.

59.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 59 of the FAC.

60.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 60 of the FAC.

61.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 61 of the FAC.

62.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 62 of the FAC.

63.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 63 of the FAC.

64.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 64 of the FAC.

65.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 65 of the FAC.

66.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 66 of the FAC.

67.    Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 67 of the FAC.

Response: Plaintiff Williams

68.     Defendants deny all allegations contained in paragraph 68 of the FAC.

69.     Defendants deny all allegations contained in paragraph 69 of the FAC.

Response: Plaintiff Ilori

70.     Defendants deny all allegations contained in paragraph 70 of the FAC.

Response: Other Plaintiffs

71.     Defendants deny all allegations contained in paragraph 71 of the FAC.

72.     Defendants deny all allegations contained in paragraph 72 of the FAC.

73.     Defendants deny all allegations contained in paragraph 73 of the FAC.

74.     Defendants admit Andrew Skwera was an employee of Cover Girls, Splendor, and Gold Cup, but deny all remaining allegations contained in paragraph 74 of the FAC.

75.     Defendants deny all allegations contained in paragraph 75 of the FAC.

76.     Defendants deny all allegations contained in paragraph 76 of the FAC.

77.     Defendants deny all allegations contained in paragraph 75 of the FAC.

78.     Defendants deny all allegations contained in paragraph 76 of the FAC.

79.     Plaintiff Nicholson's claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 79 of the FAC.

80.     Defendants deny all allegations contained in paragraph 80 of the FAC.

81.     Plaintiff Nicholsons' claims have been dismissed with prejudice. Defendants deny all allegations in paragraph 81 of the FAC.

82.     Defendants deny all allegations contained in paragraph 82 of the FAC.

Response: Unconscionability of Dancer Agreements

83.     Plaintiff Nicholson's claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 83 of the FAC.

**RESPONSE TO V. CAUSES OF ACTION**

84.     Defendants deny all allegations contained in paragraph 84 of the FAC.

85.     Defendants deny all allegations contained in paragraph 85 of the FAC.

86.     Defendants deny all allegations contained in paragraph 86 of the FAC.

87.     Defendants deny all allegations contained in paragraph 87 of the FAC.

88.     Plaintiff Nicholson's claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 88 and subparagraphs (i)-(iii) of the FAC.

89.     Plaintiff Nicholson's claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 89 of the FAC.

90.     Plaintiff Nicholson's claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 90 of the FAC.

91.     Defendants deny all allegations contained in paragraph 91 of the FAC.

92.     Plaintiff Nicholson's claims have been dismissed with prejudice. Defendants deny all allegations contained in paragraph 92 of the FAC.

93.     Defendants deny all allegations contained in paragraph 93 of the FAC.

94.     Defendants deny all allegations contained in paragraph 94 of the FAC.

## RESPONSE TO PRAYER FOR RELIEF

95.     Defendants deny all allegations contained in paragraph 95 of the FAC and deny that Plaintiffs are entitled to any relief.

96.     Defendants deny all allegations contained in paragraph 96 of the FAC and deny that Plaintiffs are entitled to any relief.

97.     Defendants deny all allegations contained in paragraph 97 of the FAC and deny that Plaintiffs are entitled to any relief.

98.     Defendants deny all allegations contained in paragraph 98 of the FAC and deny that Plaintiffs are entitled to any relief.

99.     Defendants deny all allegations contained in paragraph 99 of the FAC and deny that Plaintiffs are entitled to any relief.

100.    Defendants deny all allegations contained in paragraph 100 of the FAC and deny that Plaintiffs are entitled to any relief.

101.    Defendants deny all allegations contained in paragraph 101 of the FAC and deny that Plaintiffs are entitled to any relief.

102.    Defendants deny all allegations contained in paragraph 102 of the FAC and deny that Plaintiffs are entitled to any relief.

103.    Defendants deny all allegations contained in paragraph 103 of the FAC and deny that Plaintiffs are entitled to any relief.

104.    Defendants deny all allegations contained in paragraph 104 of the FAC and deny that Plaintiffs are entitled to any relief.

105.    Defendants deny all allegations contained in paragraph 105 of the FAC and deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

106.    Plaintiffs' § 1981 claims are barred, in whole or in part, by the applicable two- or four-year statute of limitations. *See Johnson v. Crown Enters., Inc*., 398 F.3d 339, 341 (5th Cir. 2005).

107.    Plaintiff Williams' contract claim against Treasures is barred, in whole or in part, by the applicable four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.051.

108.    Plaintiffs' claims against Defendants are barred, in whole or in part, by the doctrine of laches. For years, Plaintiffs have had knowledge of their allegations and unreasonably delayed the assertion of their claims, resulting in prejudice to Defendants.

109.    Defendants assert and plead that Plaintiffs have failed to mitigate their alleged damages, if any.

110. Defendants assert that they exercised reasonable care to prevent and/or correct promptly any alleged discriminatory conduct and Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided to them or to avoid harm otherwise.

111. Defendants assert that Plaintiffs are not entitled to pursue a class action or any other aggregate form of litigation against Defendants because any and all putative class members have executed binding agreements with Defendants that contain arbitration agreements and/or class action waivers. Accordingly, Plaintiffs lack standing, capacity, and/or authority to bring, participate in, or maintain a class action, or represent the interests of others against Defendants in any aggregate proceeding.

## ATTORNEY'S FEES

112. Because Plaintiffs have commenced an action "to enforce or interpret the terms or conditions" of the License and Access Agreement, Defendants are entitled to recover their reasonable attorney's fees pursuant to the License and Access Agreement if it prevails.

113. In addition to the foregoing, or in the alternative, Defendants are entitled to recover its reasonable attorney's fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code. Defendants are represented by attorneys, Defendants have or will present their claim to the opposing party, and payment has not been tendered.

## CONCLUSION

For these reasons, Defendants ask the Court to deny the relief Plaintiffs seek in this lawsuit and for all other relief to which Defendants may show themselves justly entitled.

[signature block on next page]

Respectfully submitted,

**WALLACE & ALLEN, LLP**

/s/ Casey T. Wallace
Casey T. Wallace
State Bar No. 00795827
SDTX Bar. No. 20117
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
cwallace@wallaceallen.com
**ATTORNEY IN CHARGE FOR
DEFENDANTS**

**OF COUNSEL FOR DEFENDANTS:**
Benjamin W. Allen
State Bar No. 24069288
SDTX Bar No. 1058996
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
ballen@wallaceallen.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this pleading has been served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on March 28, 2024.

Eric P. Mirabel
3783 Darcus St.
Houston, Texas 77005
Tel: 281-772-3794
Fax: 713-667 4234
eric@emirabel.com
**ATTORNEY FOR PLAINTIFF**

/s/ Casey T. Wallace
Casey T. Wallace

- 11 -