IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, on behalf of herself and other similarly situated Plaintiffs, | § § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-01025 |
| A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a THE COVER GIRLS; D WG FM, INC d/b/a SPLENDOR, D. TEXAS INVESTMENTS INC / AHD HOUSTON d/b/a TREASURES GENTLEMENS CLUB; ALI DAVARI and HASSAN DAVARI, | § § § § § § § § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**FACTUAL BACKGROUND**

On August 1, 2024, the undersigned had a telephone conversation with Mr. Eric Mirabel, counsel for Plaintiffs, wherein an offer to settle the case, and all matters attendant to it, including attorneys' fees, was extended.  Mr. Mirabel informed the undersigned that he would confer with his clients and report back.

At 3:50 p.m. on August 1, 2024, Mr. Mirabel did report back and said "Casey: settlements on, send an agreement."  *See* Exhibit "A" (email from Mr. Mirabel).  Telephone calls were later exchanged, and Mr. Mirabel again confirmed that the case was settled.

Because the Joint Pretrial Order was due to be filed on August 2, 2024, the undersigned sent Mr. Mirabel a Notice of Settlement that was to be filed with this Court and Mr. Mirabel was

asked if he would give consent for the filing of the Notice.  *See* Exhibit "B" (email with attached Notice of Settlement transmitted August 2, 2024 at 11:07 a.m.).  At 11:46 a.m. on August 2, 2024, Mr. Mirabel responded, again confirming the case was settled, but asked that language in the Notice of Settlement be changed as follows:

> **Casey: my revision underlined below:**
> **NOTICE OF SETTLEMENT**
>
> TO THE HONORABLE UNITED STATES DISTRICT JUDGE:
>       Plaintiffs Plaintiffs Liosha Williams, Destiny Ilori, Jalaycia Declouet, Lindsey Smith and Corina Castro and Defendants A.H.D. Houston, Inc., d/b/a Centerfolds, ("Centerfolds"), W.L. York, Inc., d/b/a Cover Girls ("Cover Girls"), D WG FM, Inc., d/b/a Splendor ("Splendor") and D Texas Investments, Inc., have reached a settlement in this matter. The parties anticipate that they will be able to finalize settlement papers and submit an agreed motion of dismissal with prejudice <u>within 120 days, once the settlement is fully paid. They would like to file a joint motion for suspension until then, and will do so shortly. The parties therefore do not see the need to submit the required pretrial order and documents, due today, though they are fully prepared to do so.</u>
>
> <mark>In the proposed order, please draft, put</mark>: <u>the requirement for the joint pretrial order and related documents is waived in view of the settlement notice.</u>

*See* Exhibit "C" (email from Mr. Mirabel, emphasis and highlighting in original).

At 4:57 p.m. on August 2, 2024, the undersigned filed the Notice of Settlement with this Court.  *See* Docket Entry 36.  It was at 7:43 p.m. on August 2, 2024, that Mr. Mirabel wrote "Casey: ***there may be a change of mind on settlement*** by plaintiffs . . ."  *See* Exhibit "D" (email from Mr. Mirabel, emphasis added).

## ARGUMENT AND AUTHORITIES

A "district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties."  *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994) citing *Lyles v. Commercial Lovelace Motor Freight, Inc.,* 684 F.2d 501, 504 (7th Cir. 1982) ("where a party has knowingly and voluntarily agreed to settle his claims and no change of

circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement."); *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir.) ("It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them."), *cert. denied,* 429 U.S. 862 (1976); *CIA Anon Venezolana de Navegacion v. Harris,* 374 F.2d 33, 35-36 (5th Cir. 1967) ("Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced. . . . We are constrained to view the proceedings as a hearing by the District Court in the exercise of its inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.").  That one party to a suit initially agrees to a settlement but later refuses to execute a formal agreement that recites the terms of the settlement does not preclude a district court from exercising such discretion to enforce a settlement agreement.  *See, e.g., Daftary v. Metropolitan Ins. Co.*, 136 F.3d 137 (5th Cir. 1998).  Further, the issue of whether such withdrawal by one party is allowed under Texas law is irrelevant to whether a settlement is enforceable.  *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 268 (5th Cir. 1995).  Unless the party seeking to withdraw can demonstrate that the agreement is invalid under the law at the time it was made or differs materially from any judgment entered enforcing the agreement, "a federal court may hold them to their word by incorporating the terms of their agreement into a final judgment." *Id.*

Here the parties' litigants came to an agreement to settle the case.  *See* Exhibits "A", "C", and "D".  The fact that "there ***may be a change of mind*** on settlement by plaintiffs" is not material. As the Fifth Circuit has held, even though one party to a suit initially agrees to a settlement but later refuses to execute a formal agreement that recites the terms of the settlement does not preclude a district court from exercising such discretion to enforce a settlement agreement.  *Daftary v.*

*Metropolitan Ins. Co.*, 136 F.3d 137.

This case has been pending since March 21, 2023. It has now settled, and the settlement should be enforced. Settlement is a strongly favored method for resolving litigation. *See In re Deepwater Horizon*, 739 F.3d 790, 807 (5th Cir. 2014) (noting the overriding public interest in favor of settlement); *Marcus v. J.C. Penney Co., Inc.*, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (there is a strong judicial policy in favor of settlement). A party's or parties' "change of mind on settlement" does not alter the analysis and the settlement must be enforced.

**CONCLUSION**

Defendants respectfully request that this court grant this Motion and compel the Plaintiffs and their counsel to execute the settlement agreement as agreed upon.

Respectfully submitted,

**WALLACE & ALLEN, LLP**

*/s/ Casey T. Wallace*
Casey T. Wallace
State Bar No. 00795827
SDTX Bar. No. 20117
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
cwallace@wallaceallen.com
**ATTORNEY IN CHARGE FOR DEFENDANTS**

**OF COUNSEL FOR DEFENDANTS:**

Benjamin W. Allen
State Bar No. 24069288
SDTX Bar No. 1058996
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
ballen@wallaceallen.com

-5-

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this pleading has been served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on August 6, 2024.

Eric P. Mirabel
3783 Darcus St.
Houston, Texas 77005
Tel: 281-772-3794
Fax: 713-667 4234
eric@emirabel.com
**ATTORNEY FOR PLAINTIFFS**

*/s/ Casey T. Wallace*
Casey T. Wallace

## **CERTIFICATE OF CONFERENCE**

I have conferred with counsel for Plaintiffs, Mr. Eric Mirabel, and he informed me that three of his clients had changed their mind on the settlement and that they were therefore opposed to the relief sought herein.

*/s/ Casey T. Wallace*
Casey T. Wallace