IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, et al. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| A.H.D. HOUSTON, INC. d/b/a | § | CIVIL ACTION NO. 4:23-cv-01025 |
| CENTERFOLDS; W.L. YORK, INC. | § | |
| d/b/a THE COVER GIRLS; D WG FM, | § | JURY TRIAL DEMANDED |
| INC d/b/a SPLENDOR, D. TEXAS | § | |
| INVESTMENTS INC. d/b/a | § | |
| TREASURES GENTLEMENS CLUB | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO JOIN D. HOUTON, INC. AS A DEFENDANT, AND TO AMEND THE COMPLAINT TO CHANGE A DBA NAME**

Plaintiffs respectfully request leave to file a motion for leave to join D. Houston, Inc. as a necessary party under Fed. R. Civ. P. 19, as they were the corporate entity dba TREASURES, before their required certificate for doing business under an assumed name (Tex. Bus. Com. Code § 71.051) expired on July 15, 2023. The certificate remains expired. In view of their status, Plaintiffs' First Amended Complaint (Dkt. 23), filed Aug. 1, 2023, named Defendant D. Texas Investments Inc. and AHD Houston, Inc., which both have the same directors and officers as D. Houston, Inc., as the entities dba TREASURES; for the reasons set forth below.

Plaintiffs also respectfully request leave to file an amended complaint to change the dba for D. Texas Investments, Inc. to "Treasures." The dba for D. Texas Investments, Inc.in the operative pleading is currently "Treasures Gentlemens Club."

1

If leave to file an amended complaint is granted, the amended complaint would also remove parties who were dismissed earlier (Chanel Nicholson, the first named plaintiff, and Tabitha Vann) and would remove allegations specific to those parties. If leave is granted and D. Houston, Inc. is joined as a Defendant, allegations against it by Plaintiffs Williams and Smith (who are claiming against D. Texas Investments Inc. and A.H.D. Houston, Inc. dba Treasures Gentlemens Club) would be changed to be against: D. Texas Investments Inc. dba Treasures, and D. Houston, Inc. dba Treasures.

Accordingly, Plaintiffs respectfully request consideration of this motion for leave for the reasons set forth below.

### 1. Background Facts

A. <u>Parties dba "Treasures" or the Like</u>

Plaintiffs note that under the Scheduling Order (Dkt. 22), the deadline to add new parties or amend the pleadings was September 19, 2023. Plaintiffs believe addition of D. Houston, Inc. as a Defendant in this case, and amendment of the pleadings to change the dba for D. Texas Investments Inc. to Treasures, is warranted for the reasons set forth below.

Defendant D. Texas Investments Inc. (hereinafter "Treasures") also calls itself "Treasures Houston's Premier Gentleman's Club" on its website homepage. **Exhibit A**. It has also apparently distributed promotional materials displaying the name: "Treasures …. Gentlemen's Restaurant & Club." *See* **Exhibit H.** It has the same ownership and management as Treasures Gentlemen's Club & Steakhouse of Las Vegas. The website homepages for Treasures of Houston, and for Treasures Gentlemen's Club & Steakhouse are respectively shown in **Exhibits A&B**. The second page of **Exhibit A** shows the information at the bottom of the Treasures website home page, where it lists the dba's of all the other defendants (Splendor, Cover Girls, and Centerfolds) in this case, and also

lists "Treasures Las Vegas" (presumably referring to Treasures Gentlemen's Club & Steakhouse), thus indicating all these entities are commonly owned and operated.

The Texas Secretary of State records (**Exhibit C**) show that D. Houston, Inc. previously was the entity dba TREASURES, but its certificate of right to do business under an assumed name under Tex. Bus. Com. Code § 71.051 expired on July 15, 2023. The certificate lasts for ten years. Prior to that, from July 3, 1995 to July 3, 2005, D. Houston Inc. had a first certificate to do business as Treasures. On July 3, 2025, its first certificate expired, and it had no certificate from July 3, 2005 to July 15, 2013.

The Texas Secretary of State records show that D. Texas Investments, Inc. has the same officers and directors (Ali and Hassan Davari, **Exhibit D**) as D. Houston, Inc., and these two brothers are also the officers and directors for A.H.D. Houston, Inc. (**Exhibit E)** and for D Houston, Inc. (**Exhibit C).** The registered agent for D. Texas Investments, Inc. is opposing counsel Casey T. Wallace. (**Exhibit D**)  D. Texas Investments, Inc. and A.H.D. Houston, Inc. both accepted service in this case (**Exhibit F&G).**  . Texas Investments, Inc. ahs not sought dismissal for being wrongly named as a party.

D. Texas Investments, Inc. and A.H.D. Houston, Inc. have been named as the entities dba Treasures in at least two unrelated litigations that went to appeal. *See A.H.D. Houston, Inc. d/b/a Centerfolds; Dwg Fm Inc. d/b/a Splendor; D. Houston Inc. d/b/a Treasures; A.H.D. Houston, Inc. d/b/a Centerfolds; and W.L. York, Inc. d/b/a Cover Girls, incorrectly named as A.H.D.Houston, Inc. d/b/a Centerfolds; Dwg Fm Inc. d/b/a Splendor; D. Texas Investments, Inc. d/b/a Treasures; A.H.D. Houston, Inc. d/b/a Treasures; and W.L. York, Inc. d/b/a Treasures v. Jaime Middleton; et al.*, Court of Appeals of Texas, First District, Houston, No. 01-22-00176-CV (July 25, 2022); *The PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, Plaintiff—Appellant, v.*

*A.H.D. HOUSTON, INCORPORATED, doing business as Centerfolds; D WG FM, Incorporated, doing business as Splendor; D. Texas Investments, Incorporated, doing business as Treasures; A.H.D. Houston, Incorporated, doing business as Treasures; W.L. York, Incorporated, doing business as Treasures, et al.,* 84 F.4th 274 (5th. Cir. 2023).

**B. Background of Proceedings in this Case**

Plaintiffs filed their Original Complaint on March 21, 2023, which alleged various claims for unlawful discrimination under 42 U.S.C. § 1981 and breach of contract. D. Texas Investments Inc. and A.H.D. Houston Inc. were named as the parties dba Treasures Gentlemens Club. A waiver of service by D. Texas Investments Inc. dba Treasures Gentlemens Club (**Exhibit F)** was signed and returned by opposing counsel on March 31, 2023.

A waiver of service by and A.H.D. Houston Inc. (**Exhibit G**) dba Centerfolds was also signed and returned by opposing counsel on March 31, 2023.

Defendants filed their Motion to Dismiss (Dkt. 13) on June 28, 2023. D. Houston, Inc.'s certificate for doing business under the assumed name TREASURES expired on July 15, 2023.

Plaintiffs filed a First Amended Complaint ("FAC") on August 1, 2023 making claims on behalf of plaintiffs against defendants, and naming D. Texas Investments Inc. and A.H.D. Houston Inc. as the parties dba Treasures Gentlemen's Club (Dkt 23). Defendants responded with a Motion to Dismiss the FAC (Dtk. 25) on August 15, 2023. Defendants' Motion to Dismiss (Dtk. 25) did not seek to dismiss any defendants for being wrongly designated as parties.

Plaintiffs inadvertently did not file a response to Defendants' Motion to Dismiss the FAC (Dtk. 25). The undersigned had prepared a full response and had believed it had been filed, but it had instead remained unfiled; apparently because the undersigned had failed to activate the "submit" tab on the Southern District CM/ECF webpage as the last filing step.

Defendants were aware that Plaintiffs had not realized their error in failing to file a response to Defendants' Motion to Dismiss the FAC (Dtk. 25), because Plaintiffs quickly moved forward with written discovery requests, the first being served on Oct. 2, 2023, followed by added written discovery requests on November 1, 2023,  December 8, 2023 and January 8, 2024. Plaintiffs also filed a letter with the Court on February 8, 2024, directing attention to Defendants' unfounded objections and discovery obstruction. All these activities, coupled with a litigation history between the parties, [1] indicated to Defendants that Plaintiff was under the impression that its response had been properly filed, and the case was moving forward. Defendants did not bring the failure to file a response to the undersigned's attention.

On March 15, 2024, Defendants' motion to dismiss the FAC. (Dkt. 31) was granted in part and denied in part. The claims of Chanel Nicholson, the first-named party, were dismissed, as were the claims of Tabitha Vann. Claims against the individual defendants, Ali Davari and Hassan Davari were also dismissed.

The remaining claims are as follows: Ms. Williams' § 1981 hostile work environment claim against (1) Treasures Gentlemen's Club ("Treasures"), (2) Ms. Williams' breach of contract claim against Treasures, (3) Ms. Williams' § 1981 "failure-to-hire" claim against Centerfolds, (4) Ms. Ilori's § 1981 "failure-to-hire" claims against Splendor and Centerfolds, (5) Ms. Declouet's § 1981 "failure-to-hire" claims against Centerfolds, (6) Ms. Smith's § 1981 "failure-to-hire" claims against Treasures, and (7) Ms. Castro's § 1981 "failure-to-hire" claims against Splendor and The Cover Girls ("Cover Girls").

---

[1] This case is the second litigation in this Court with some of the same parties on both sides, and the same counsel on both sides. Summary judgment for Defendants was granted in the earlier litigation *Nicholson v. W.L. York, Inc.,* Civil Action 4:21-cv-2624 (S.D. Tex. 2023), on  May 24, 2023, and this was affirmed by the Fifth Circuit (*Nicholson v. W.L. York, Inc.*, 23-20440 (5th Cir. Mar 04, 2024)). Defendants' counsel therefore had long dealings with the undersigned, and was aware that the undersigned had not before failed to respond to any of Defendants' motions.

On May 16, 2024, Defendants filed a Motion for Summary Judgment (Dkt. No. 16). Plaintiffs filed a response (Dkt. 34). Defendants did not file a reply, and the motion is still pending. On August 14, 2024 Plaintiffs moved for leave to file a declaration by Ms. Williams (Dkt. 42), to be considered with their summary judgment response (Dkt. 34).

Docket call in this case was set for August 16, 2024, with a trial setting on August 19, 2024. Defendants filed an Emergency Motion to enforce an alleged settlement (Dkt. 38) on August 7, 2024. At the motion hearing on August 13, 2024, the Court granted Defendants leave to file a motion for continuance, which was filed on August 13th (Dkt. 41).

In their motion for a 120 day continuance (Dkt. 41), Defendants claimed for the first time that: "Treasures is not a party to this suit as D. Houston, Inc. The [sic.] entity that holds the assumed name Treasures has never been named as a party or served with a citation." *Id.* at n. 1. Defendants failed to note the expiration of D. Houston Inc.'s assumed name certificate on July 15, 2023. (**Exhibit C**).

Defendants' motion for a 120 day continuance was granted in part on August 15, 2024 (Dkt. 44), with a new trial date set for November 18, 2024. Discovery was re-opened until October 19, 2024. Plaintiff filed a motion for an additional three month trial continuance on August 21, 2024 (Dkt. 45), which is pending.

## 2. Argument

In the event D. Houston, Inc. reinstates its assumed business certificate to identify itself as the party dba TREASURES, and because Defendants have recently alleged (Dkt. 41) that D. Houston, Inc. is in fact the party with the right to do business as TREASURES, Plaintiffs request leave to add D. Houston, Inc. as an additional defendant dba TREASURES (along with D. Texas Investments, Inc.).

6

Defendants signed a waiver of service (**Exhibit F)** where D. Texas Investments Inc. is dba Treasures Gentlemens Club. D. Texas Investments Inc. has the same directors and officers as the other defendants (*see* FAC Dkt. 23 ¶¶ 39, 40), including D. Houston, Inc. (**Exhibit G)**, and opposing counsel is registered agent for D. Texas Investments Inc. (**Exhibit D)** D. Texas Investments Inc. has never filed a motion to dismiss it as a party. It is named as the entity dba Treasures in two unrelated litigations that went to appeal,: one to Court of Appeals of Texas, First District, Houston, and one to the Fifth Circuit Court of Appeals. *See* Section 1A above, "Parties dba 'Treasures' or the Like."

Treasures calls itself "Treasures Houston's Premier Gentleman's Club" on its website. **Exhibit A.** Its website also indicates it's affiliated with "Treasures Las Vegas," which appears to be a reference to the entity dba Treasures Gentlemen's Club & Steakhouse (in Las Vegas). It also apparently distributed promotional materials displaying the name: "Treasures …. Gentlemen's Restaurant & Club." *See* **Exhibit H.** Thus, Treasures has held itself out as being the first word in one of the following names for it: "Houston's Premier Gentleman's Club," and "Gentlemen's Restaurant & Club." It has also identified itself with "Treasures Gentlemen's Club & Steakhouse" of Las Vegas. Accordingly, the name for it in the FAC *i.e.,* "Treasures Gentlemens Club" is an appropriate identifier for this entity; and as Defendants' counsel is the registered agent for D. Texas Investments, Inc., he certainly knew which entity was being referenced in the pleadings. It is thus entirely appropriate under Texas law to substitute "Treasures" as the dba for D. Texas Investments, Inc., and to add D. Houston, Inc. as another party dba Treasures. *See e.g.*, *Eckman v. Northgate Terrace Apartments, LLC*, No. 03-18-00254-CV*4 (Tex. App. Jun 28, 2018) ("Furthermore, it is well settled that an assumed name is not a legal entity and that the holder of an assumed name is liable personally for the assumed name's debts, judgments, or other liabilities. See Tex. R. Civ. P.

28 (providing that '[a]ny individual . . . doing business under an assumed name may sue or be sued in its . . . assumed or common name for the purpose of enforcing for or against it a substantive right, ***but on a motion by any party or on the court's own motion the true name may be substituted'***))." (emphasis added)

### 3.  Conclusion

Plaintiffs accordingly, move for leave to file a motion to add D. Houston, Inc. as a party dba Treasures, and to have the dba for D. Texas Investments, Inc. changed from the current name in the FAC "Treasures Gentlemens Club," to "Treasures," in an amended complaint to be filed. It is after the deadline to add parties so this motion for leave is necessary to effect these changes.

Respectfully Submitted,

By:  /s/*Eric P. Mirabel*
    Eric P. Mirabel
    Texas State Bar No. 14199560
    Southern District ID No. 9708
    eric@emirabel.com
    3783 Darcus St.
    Houston, Texas 77005
    Tel:  281 772-3794
    Fax: 713 667 4234
    **ATTORNEY FOR PLAINTIFFS**

CERTIFICATE OF CONFERENCE

On August 29, 2024, opposing counsel, Mr. Wallace, responded to my request to discuss this motion, and stated he was opposed to it.

/s/*Eric P. Mirabel*

CERTIFICATE OF SERVICE

On this 29th day of August, 2024, I hereby certify that a true and correct copy of the foregoing document was served on opposing counsel via the Clerk of the Court through the ECF system.

/s/*Eric P. Mirabel*