IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHANEL E.M. NICHOLSON, on behalf of herself and other similarly situated Plaintiffs,

§
§
§
§
§
§

*Plaintiff,*

v.

§ CIVIL ACTION NO. 4:23-cv-01025

A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a THE COVER GIRLS; D WG FM, INC d/b/a SPLENDOR, D. TEXAS INVESTMENTS INC / AHD HOUSTON d/b/a TREASURES GENTLEMENS CLUB; ALI DAVARI and HASSAN DAVARI,

§ JURY TRIAL DEMANDED
§
§
§
§
§
§
§
§
§
§

*Defendants.*

§

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO JOIN D. HOUSTON, INC. AS A DEFENDANT, AND TO AMEND THE COMPLAINT TO CHANGE A DBA NAME

Defendants A.H.D. Houston, Inc., W.L. York, Inc., D WG FM, Inc., and D. Texas Investments, Inc., (collectively "Defendants") file this response to Plaintiffs' Motion for Leave to Join D. Houston, Inc. as a Defendant, and to Amend the Complaint to Change a DBA Name (Dkt. No. 46).

## INTRODUCTION & SUMMARY OF THE ARGUMENT

Plaintiffs filed their Original Complaint on March 21, 2023. Eventually, Plaintiffs filed their First Amended Complaint ("FAC") on August 1, 2023. (Dkt No. 23). In neither Complaint has Plaintiff named D. Houston, Inc. or caused it to be served with citation. Instead, the Defendants are (i) A.H.D. Houston, Inc. d/b/a Centerfolds, (ii) W.L. York, Inc. d/b/a Cover Girls, (iii) D WG FM, Inc. d/b/a Splendor, and (iv) D. Texas Investments, Inc. *See* Dkt. No. 23 at ¶¶ 35-38. None of the named and served Defendants have ever done business as Treasures.

A quick examination of the public record demonstrates that D. Houston, Inc. does business as Treasures and has done so since filing its Assumed Name Certificate on June 22, 1995. *See* Exhibit "A" (certified copy of Assumed Name Record).  On July 5, 2005, D. Houston, Inc. renewed its Assumed Name Certificate showing ownership of Treasures for an additional ten years. *See* Exhibit "B" (certified copy of Assumed Name Record). Finally, on July 6, 2015, D. Houston, Inc. once again renewed its Assumed Name Certificate showing ownership of Treasures for an additional ten years. *See* Exhibit "C" (certified copy of Assumed Name Record). There has never been an owner of Treasures other than D. Houston, Inc. It is not owned by A.H.D. Houston, Inc. It is not owned by D. Texas Investments, Inc. As the certified copies of the public records clearly show, the owner of Treasures is D. Houston, Inc., which is not a party to this suit and never has been. It is now 74 days before Docket Call and this suit has been on file for well over a year and a half. It is simply too late to allow for a pleading amendment to add new parties and new claims against D. Houston, Inc., which has never been a part of this suit. Plaintiffs' Motion should be denied.

## ARGUMENT AND AUTHORITIES

This Court entered a Scheduling Order on July 31, 2023. *See* Exhibit "D".  In the Scheduling Order this Court set a deadline of September 19, 2023 for the parties to amend pleadings and add new parties. *Id.* Almost a full year later, and on the near-eve of trial, Plaintiffs filed a *Motion for Leave to Join D. Houton, [sic] Inc. as a Defendant, and to Amend the Complaint to Change a DBA Name*.  (Dkt. No. 46). To support their Motion, the Plaintiffs, in a confusing manner, seem to suggest three reasons why they should be allowed relief: (i) D. Texas Investments Inc. calls itself "Treasures Houston's Premier Gentleman's Club" on its website homepage; (ii) D. Texas Investments, Inc. has distributed promotional materials in the form of a matchbook displaying the name "Treasures Gentlemen's Restaurant & Club"; and (iii) D. Houston, Inc.'s right

to do business under the Assumed Name of Treasures expired on July 15, 2023. *See* Dkt. No. 46 at pp. 2-3. The problem with these allegations is that they are simply not true. D. Texas Investments, Inc. is a holding company and does nothing but own stock in various other entities. *See* Exhibit "E" (affidavit of Hassan Davari). D. Texas Investments, Inc. does not have a website homepage and has never had a website homepage, despite Plaintiffs' false allegations to the contrary. *Id.* D. Texas Investments, Inc. has never distributed promotional materials, as it has nothing to promote. *Id.* Finally, as can been seen by Exhibits "A" through "C", D. Houston, Inc. has actively maintained its right to conduct business under its Assumed Name "Treasures" ever since June 22, 1995.

Moreover, Plaintiffs have utterly failed to demonstrate both good cause and excusable neglect in accordance with FED. R. CIV. P. 6(b)(1)(B). Plaintiffs neglected to examine the documents produced in this case. For example, among that many documents produced in this case is a License and Access Agreement executed by Plaintiff Liosha Williams, formerly known as Liosha Isolah Santana. *See* Exhibit "F". This document was produced to Plaintiffs on November 1, 2023, and it clearly shows that D. Houston, Inc. is the contracting party. *See Id*. at Bates page AHD_000006. Plaintiffs have had actual knowledge since at least November 1, 2023 who the owner of Treasures is, and yet they failed to name them or serve them as a Defendant, waiting until the near eve of trial do attempt to do so, and without actually providing a copy of the proposed Second Amended Complaint with their Motion to Amend.

Under Federal Rule of Civil Procedure 15(a), when a party tries to amend her complaint after the time for amendment as a matter of course, the party must get the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The rule instructs that courts "should freely give leave when justice so requires." *Id.* Still, a district court may deny leave to amend "for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies,

undue prejudice to the opposing party, or futility of a proposed amendment." *Simmons v. Sabine River Auth. Louisiana*, 732 F.3d 469, 478 (5th Cir. 2013).

Here, Plaintiffs have unduly delayed in trying to name and serve D. Houston, Inc. The public records seen in the certified copies of Exhibit "A" – "C" put the whole world on notice as to who the owner of Treasures is – D. Houston, Inc. If that weren't enough, a simple examination of the documents produced in this case tell Plaintiffs as early as November 1, 2023, who the owner of Treasures is – D. Houston, Inc. But Plaintiffs waited for months, and arguably well over a year, to finally attempt to name D. Houston, Inc., bring them in as a party, and make new amendments to the pleadings. In addition, Plaintiffs violated this Court's deadline in its Scheduling Order for when a party may amend pleadings or add new parties. There is no dispute that when Plaintiffs filed their motion to amend their complaint, the deadline had long passed. A district court may – within its discretion – deny leave to amend because of the moving party's failure to comply with local filing rules such as this Court's Scheduling Order. *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir. 1979); *Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015); *cf. also Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007).

Moreover, the Motion has been brought in bad faith. Plaintiffs offer three arguments to support their Motion, but all three arguments are based on purported facts that are not true – misrepresentation of the facts in a pleading simply cannot be characterized by anything other than bad faith.

Because Plaintiffs have utterly failed to show good cause or even excusable neglect to name and serve D. Houston, Inc., their Motion must be denied.

## **CONCLUSION**

Defendants A.H.D. Houston, Inc., W.L. York, Inc., D WG FM, Inc., and D. Texas

-4-

Investments, Inc., pray that the Court deny Plaintiffs' Motion to Amend and be granted all relief,

at law and in equity, to which they are entitled.

Respectfully submitted,

**WALLACE & ALLEN, LLP**

*/s/ Casey T. Wallace*
Casey T. Wallace
State Bar No. 00795827
SDTX Bar. No. 20117
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
cwallace@wallaceallen.com
**ATTORNEY IN CHARGE FOR
DEFENDANTS**

**OF COUNSEL FOR DEFENDANTS:**
Benjamin W. Allen
State Bar No. 24069288
SDTX Bar No. 1058996
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
ballen@wallaceallen.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of this pleading has been served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on September 6, 2024.

Eric P. Mirabel
3783 Darcus St.
Houston, Texas 77005
Tel: 281-772-3794
Fax: 713-667 4234
eric@emirabel.com

**ATTORNEY FOR PLAINTIFFS**

*/s/ Casey T. Wallace*
Casey T. Wallace