UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, et al., | § | Civil Action No. 4:23-cv-01025 |
| Plaintiffs | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| A.H.D. HOUSTON, INC. d/b/a | § | |
| CENTERFOLDS; W.L. YORK, INC. d/b/a | § | |
| COVER GIRLS; D WG FM, INC. d/b/a | § | |
| SPLENDOR; D TEXAS INVESTMENTS INC / | § | |
| AHD HOUSTON d/b/a TREASURES | § | |
| GENTLEMENS CLUB; ALI DAVARI; | | |
| HASSAN DAVARI, | | |
| Defendants | | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO ENFORCE SETTLEMENT AGREEMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs oppose Defendants' Emergency Motion to Enforce Settlement Agreement (Dkt. 38) for the following reasons.

FACTUAL BACKGROUND:

On August 1, 2024, the undersigned had a telephone conversation with Casey Wallce, counsel for Defendants. Mr. Wallace made an oral offer to settle all plaintiff's claims for a sum certain, to be paid in 120 days.  Mr. Wallace said he wanted to have an agreement immediately so he could avoid having to file pre-trial documents, due the next day. The undersigned said he agreed to it. Though, earlier in that conversation he said he would have to confer with his clients. At 3:50 p.m. on August 1, 2024, after more prompting phone calls from Mr. Wallace about the urgency of having an agreement so he could avoid preparing pre-trial materials, the undersigned sent an email: "Casey: settlements on, send an agreement." See **Exhibit "A."** Prior to sending this email, the undersigned had confirmed that three of the five plaintiffs were in favor of the cash payment offered, though the 120 day delay was never discussed with any of the plaintiffs. *See* Declarations of Jalaycia Declouet, Lindsey Smith and Corina Castro, respectively, **Exhibits "C," "D" and "E"**

1

hereto.[1] The undersigned's purpose in asking for a written agreement was to have the 120 day payment delay set forth in writing, and then present it and confirm that all plaintiffs would agree to it.

The next day, Mr. Wallace sent the undersigned a proposed Notice of Settlement for filing, which provided: "The parties anticipate that they will be able to finalize settlement papers and submit an agreed motion of dismissal with prejudice within 60 days." *See* **Exhibit "F**" and **its Attachment**. This proposed filing was inconsistent with the 120 day delay in payment that had been offered, so the undersigned requested it be changed by adding the following underlined text:

> The parties anticipate that they will be able to finalize settlement papers and submit an agreed motion of dismissal with prejudice within  120 days, once the settlement is fully paid. They would like to file a joint motion for suspension until then, and will do so shortly. The parties therefore do not see the need to submit the required pretrial order and documents, due today, though they are fully prepared to do so.

*See* third email in **Exhibit "G."**

Mr. Wallace then filed the Notice of Settlement without the requested change in the language. Dkt. 36.  The Notice of Settlement he filed provided instead that: "The parties anticipate that they will be able to finalize settlement papers and submit an agreed motion of dismissal with prejudice 140 days." Mr. Wallace sent the undersigned an explanatory email stating he could not agree to the dismissal with prejudice being filed after a 120 day delay, but he could agree to the delay being 140 days because: "I changed it … to 140 days so that we can make sure you get the $$$." *See* **Exhibit "G"** second email. At this point, Mr. Wallace still had not sent a draft agreement as the undersigned had requested the day before. See **Exhibit "A."** The Plaintiffs' lack of agreement was clearly conveyed to Mr. Wallace later that day (August 2, 2024) by the undersigned. See **Exhibit "H."**

---

[1] Plaintiff Destiny Ilori had not been contacted by this point. When she was, Ms. Ilori rejected the settlement. *See* Ilori deposition transcript excerpt, **Exhibit "B"** hereto, p. 59, l. 20 to p. 60, l.  1. Plaintiff Liosha Willilams did not speak with the undersigned about the settlement until after August 1, 2024, which is after the time opposing counsel claims an agreement had been reached. Her first communication was that she rejected it.

ARGUMENT

As this Court noted in *Thompson v. Continental Emsco Co.*, 629 F.Supp. 1160, 1164 (S.D. Tex. 1986), the party seeking to enforce an oral agreement "[M]ust prove by a preponderance of the evidence that an oral agreement was reached regarding all material terms of the contract." (citations omitted). At no point in the motion for enforcement (Dkt. 38) does Mr. Wallace set forth the terms of the settlement agreement he is seeking to enforce. Because of the absence of the settlement agreement terms sought to be enforced alone, the motion should be denied.

The change Mr. Wallace made to the language in the Notice of Settlement that the undersigned drafted, where the dismissal would be after an additional 20 day delay such that it would be filed not after 120 days, but after 140 days (s*ee* Notice of Settlement, Dkt. 36, **Exhibit "G"** second email), combined with his statement that "I changed it … to 140 days so that we can make sure you get the $$$," indicates that Mr. Wallace was proposing a further 20 day delay in payment.  There was still no written version of the settlement terms (as the undersigned requested in **Exhibit "A")** at the time Mr. Wallace was proposing this further extension of payment. Accordingly, Mr. Wallace was not acting in accordance with the terms he claims the parties had reached*: i.e.,* that a sum certain be paid 120 days after settlement. His change to "140 days" was thus a repudiation of the settlement agreement he now purports was agreed to. Accordingly, there was no agreement on the material terms. *Peacock v. Deutsche Bank Nat'l Tr. Co., Civil Action*, 4:20-cv-03945 *4 (S.D. Tex. Apr 19, 2022) ("An agreement on all essential terms, with no material matters left open to negotiate, creates a binding and enforceable settlement." (citations omitted)).

Further, the Fifth Circuit in *Mid-South Towing Co. v. Har-Win, Inc.,* 733 F.2d 386, 390 (5th Cir. 1984) set forth the law on the enforceability of settlements based on exchanges between attorneys as follows:

> The law is settled that an attorney of record may not compromise, settle or consent to a final disposition of his client's case without express authority.... However, this general principle must be considered in connection with the rule that an attorney of record is presumed to have authority to compromise and settle litigation of his client, and a judgment entered upon an agreement by the attorney of record will be set aside only upon affirmative proof of the party seeking to vacate the judgment that the attorney had no right to consent to its entry.

*Accord Thompson v. Continental Emsco Co.,* 629 F. Supp. 1160, 1164 (S.D. Tex. 1986)

The Declarations of Jalaycia Declouet, Lindsey Smith and Corina Castro, **Exhibits "C," "D" and "E,"** combined with Ms. Ilori's deposition excerpt (**Exhibit "B"**) where she stated she did not agree to the settlement, and the fact that the undersigned did not contact Plaitniff Williams until after Defendants claim settlement was reached on Ausut 1st, demonstrates that the undersigned had no authority to sesttle . Only three of the five plaintiffs agreed to the sum offered, and the declarations (**Exhibits "C," "D" and "E")** show that none of the Plaintiffs ever ageed to the 120 day delay in payment, as initially proposed by Defendants.

And it is unreasonable, or deceptive, for Mr. Wallace to represent that he thought the undersigned had authority to enter a settleemnt agreement for plaintiffs. In their first oral conversation, when the undersigned was pressured into a quick assertion of oral agreement, he noted he would try to get the plaintiffs to accept it. The email on August 1, 2024 (**Exhibit "A"**) where the undersigned stated "Casey: settlements on, send an agreement," clearly means that a proposed written agreement must be sent, reviewed, and signed by plaintiffs for the settlement to be agreed.

**CONCLUSION**

In conclusion, there is no enforceable settlement agreement because: (i) the agreement terms are not stated and were never set forth in a wrting between the paries; (ii) the material tems of the settlement offered by Defendants were changed by Defendants, after the time they claim an agreement was already reacheed; (iii) two of the plaintiffs never agreed to any settlement; and (iv) the undersigned had no authority from any of the plaiintffs to agree to the settlement terms offered. Defendants motion (Dkt. 38) should be denied.

Respectfully Submitted,

By:  /s/*Eric P. Mirabel*
　　　Eric P. Mirabel
　　　Texas State Bar No. 14199560
　　　Southern District ID No. 9708
　　　eric@emirabel.com

3783 Darcus St.
Houston, Texas 77005
Tel:  281 772-3794
Fax: 713 667 4234
**ATTORNEY FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

On this 7th day of October, 2024, I hereby certify that a true and correct copy of the foregoing document was served via the Clerk of the Court through the ECF system.  /Eric Mirabel/