IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, et al. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| A.H.D. HOUSTON, INC. d/b/a | § | CIVIL ACTION NO. 4:23-cv-01025 |
| CENTERFOLDS; W.L. YORK, INC. | § | |
| d/b/a THE COVER GIRLS; D WG FM, | § | JURY TRIAL DEMANDED |
| INC d/b/a SPLENDOR, D. TEXAS | § | |
| INVESTMENTS INC. d/b/a | § | |
| TREASURES GENTLEMENS CLUB | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFFS' SUBSTITUTE MOTION FOR LEAVE TO JOIN D. HOUSTON, INC. AS
A DEFENDANT, AND TO ENTER THE SECOND AMENDED COMPLAINT**

**I.     Summary of Relief Requested and Reasons Therfor**

Plaintiffs filed a first motion for leave to join D. Houston, Inc. as a defendant, and to file

an amended complaint (Dkt. 46) on 8/29/2024. It was opposed by Defendants (Dkt. 49), and a

Reply by Plaintiffs (Dkt. 50) was filed. Plaintiffs' first motion for leave to file an amended

complaint (Dkt. 46) did not include an amended complaint with it as an exhibit. It has not been

acted on by the Court. This substitute motion is filed with a Second Amended Complaint (**Exhibit

A**), in order to present all requested changes in a proposed complaint, for review by the Court.

Plaintiffs respectfully request leave to file the attached Second Amended Complaint

(**Exhibit A**). The Second Amended Complaint adds D. Houston, Inc., a necessary party under Fed.

R. Civ. P. 19, to be added under Fed. R. Civ. P. 21. Defendants' recently contended that D.

1

Houston, Inc., was the corporate entity dba Treasures (a Defendant entity with claims against it by two of the Plaintiffs).  D. Houston, Inc.'s certificate from the Texas Secretary of State for doing business under an assumed name (Tex. Bus. Com. Code § 71.101) expired on July 15, 2023 and remains expired. Plaintiffs' First Amended Complaint (Dkt. 23), filed Aug. 1, 2023, named Defendant D. Texas Investments, Inc. and AHD Houston, Inc. (which both have the same directors and officers as D. Houston, Inc.) as the entities dba Treasures, based on available information at that time.

In the Second Amended Complaint (**Exhibit A**), the dba for D. Texas Investments, Inc. is also changed from "Treasures Gentlemens Club" (as in the First Amended Complaint, Dkt. 23) to "Treasures."

In the Second Amended Complaint (**Exhibit A**), allegations relating to class action claims (no class was certified) are removed. It also removes parties who were dismissed earlier (Chanel Nicholson, the first named plaintiff, and Joeanne Colmes and Tabitha Vann) and removes allegations specific to those parties. It also removes two dismissed individual defendants, Ali Davari and Hassan Davari, who are Defendants' directors and officers, and the allegations against them. The Second Amended Complaint (**Exhibit A**) also clarifies an extant damages theory for Plaintiff L. Williams against Treasures.[1]

Accordingly, Plaintiffs respectfully request consideration of this motion for leave for the foregoing reasons, as more fully explained below.

---

[1] Fed. R. Civ. P. 15(a)(2) permits amendment of the pleadings "when justice so requires."

## II.     Proceedings in the Case; Background Facts

Plaintiffs filed their Original Complaint on March 21, 2023, which alleged various claims for unlawful discrimination under 42 U.S.C. § 1981 and breach of contract.  In the Original Complaint, eight initial plaintiffs asserted their claims against four corporations, believed to be the owners of the four defendant establishments. D. Texas Investments, Inc. and A.H.D. Houston Inc. were originally named as the parties dba Treasures Gentlemens Club. A waiver of service by D. Texas Investments Inc. dba Treasures Gentlemens Club (**Exhibit B**) was signed and returned by opposing counsel on March 31, 2023. Opposing counsel, Casey Wallace, is the registered agent for D. Texas Investments Inc. **Exhibit C.**  A waiver of service by A.H.D. Houston Inc. (**Exhibit D**) was also signed and returned by opposing counsel on March 31, 2023, and the two other corporate defendants also waived service.

Defendants filed their Motion to Dismiss (Dkt. 13) the original complaint on June 28, 2023. D. Houston, Inc.'s state certificate for doing business under the assumed name TREASURES then expired on July 15, 2023. **Exhibit E.** It is both a civil and criminal offense to do business under an assumed name without a valid assumed name certificate from the Texas Secretary of State (Tex. Bus. Com. Code § 71.201; 71.202).

Plaintiffs filed a First Amended Complaint ("FAC") on August 1, 2023 making claims on behalf of Plaintiffs against Defendants, and naming D. Texas Investments, Inc. and A.H.D. Houston Inc. as the parties dba Treasures Gentlemen's Club (Dkt 23). Defendants responded with a Motion to Dismiss the FAC (Dtk. 25) on August 15, 2023. Defendants' Motion to Dismiss (Dtk. 25) did not seek to dismiss any Defendants for being wrongly designated as parties.

Plaintiffs inadvertently did not file a response to Defendants' Motion to Dismiss the FAC (Dtk. 25). The undersigned had prepared a full response and had believed it had been filed, but it had

instead remained unfiled; apparently because the undersigned had failed to activate the "submit" tab on the Southern District CM/ECF webpage as the last filing step.

Defendants were tacitly made aware that Plaintiffs had not realized their error in failing to file a response to Defendants' Motion to Dismiss the FAC (Dkt. 25), because Plaintiffs quickly moved forward with written discovery requests, the first being served on Defendants on Oct. 2, 2023, followed by added written discovery requests on November 1, 2023,  December 8, 2023 and January 8, 2024. Plaintiffs also filed a letter with the Court on February 8, 2024, directing attention to Defendants' unfounded objections and discovery obstruction, and particularly, noting the inadequacy of Defendants' response to Plaintiffs' interrogatory No. 3 (*see* **Exhibit F**), All these Plaintiffs' activities, coupled with a prior litigation history between the parties,[2] indicated to Defendants that Plaintiffs were under the impression that their response had been properly filed, and the case was moving forward. Defendants never brought the failure to file a response to the undersigned's attention.

In Plaintiffs letter to the Court on February 8, 2024, Plaintiffs specifically noted that Defendants did not adequately respond to Plaintiffs' interrogatory No. 3 (*see* **Exhibit F,** including Defendants' responses to this interrogatory) served on December 8, 2023. This interrogatory No. 3 (**Exhibit F**) requested identification of the entity owning Treasures:

> ***Identify the full corporate name, address, all Board members and officers***, and any dbas for each of: D TEXAS, Inc. dba TREASURES; D. Texas Investments, Inc*.; and, any entity dba TREASURES as either all or part of the business' name.* [emphasis added]

And Defendants response was:

---

[2] The same counsel were opposing counsel in a prior case in this District, Nicholson v. A.H.D. Houston, Inc. et al., No. 4:21-CV-02624, filed 8/12/2021, with this Court's dismissal of that case currently on writ of *certiorari* to the Supreme Court, after Plaintiffs' appeal was denied by the Fifth Circuit Court of Appeals.

Defendants object to this Interrogatory as it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory *because the interrogatory as worded is nonsensical because there is no D. Texas, Inc. d/b/a Treasures or D. Texas Investments, Inc. d/b/a Treasures.* [emphasis added]

On March 15, 2024, Defendants' motion to dismiss the FAC) was granted in part and denied in part. Dkt. 31. The claims of Chanel Nicholson, the first-named party, were dismissed, as were the claims of Tabitha Vann. Claims against the individual defendants, Ali Davari and Hassan Davari, were also dismissed. Joeanne Colmes had moved for and been voluntarily dismissed earlier.

The remaining claims were (and still are): Ms. Williams' § 1981 hostile work environment claim against (1) Treasures Gentlemen's Club ("Treasures"), (2) Ms. Williams' breach of contract claim against Treasures, (3) Ms. Williams' § 1981 "failure-to-hire" claim against Centerfolds, (4) Ms. Ilori's § 1981 "failure-to-hire" claims against Splendor and Centerfolds, (5) Ms. Declouet's § 1981 "failure-to-hire" claims against Centerfolds, (6) Ms. Smith's § 1981 "failure-to-hire" claims against Treasures, and (7) Ms. Castro's § 1981 "failure-to-hire" claims against Splendor and The Cover Girls ("Cover Girls").

On May 16, 2024, Defendants filed a Motion for Summary Judgment (Dkt. No. 16). Plaintiffs filed a response (Dkt. 34). Defendants did not file a reply, and the motion is still pending. On August 14, 2024 Plaintiffs moved for leave to file a declaration by Ms. Williams (Dkt. 42), requesting that this declaration be considered with their summary judgment response (Dkt. 34).[3]

Docket call in this case was originally set for August 16, 2024, with a trial setting on August 19, 2024. Defendants filed an Emergency Motion to enforce an alleged settlement (Dkt. 38) on

---

[3] Defendants also, more recently, filed a motion to dismiss Corina Castro's claims (Dkt. 54), which Plaintiff opposed. Dkt. 63.

August 7, 2024. At the motion hearing on August 13, 2024, the Court granted Defendants leave to file a motion for continuance, which was filed on August 13th (Dkt. 41).

In their motion for a 120 day continuance (Dkt. 41), Defendants claimed for the first time that: "Treasures is not a party to this suit as D. Houston, Inc. The [sic.] entity that holds the assumed name Treasures has never been named as a party or served with a citation." *Id.* at n. 1. Defendants' motion for continuance was granted in part on August 15, 2024 (Dkt. 44), with a new trial date set for November 18, 2024. Discovery was re-opened until October 19, 2024. Up to re-opening of discovery on August 15, 2024 (Dkt. 44), Defendants had not served any discovery requests or served any deposition notices, or attempted any other discovery. Plaintiff filed a motion for an additional three month trial continuance on August 21, 2024 (Dkt. 45), which was granted on November 12, 2024 (Dkt. 52). Plaintiffs filed their first motion for leave to file an amended complaint (Dkt. 46) on 8/29/2024, seeking to add D. Houston, Inc., change the designated defendant Treasures Gentlemens Club to "Treasures," and file an amended complaint deleting the non-viable claims.

**III.     Confusion Created by Defendants Regarding Which Entity Is dba "Treasures"**

"Treasures" also calls itself "Treasures Houston's Premier Gentleman's Club" on its website homepage. **Exhibit G**. It has apparently distributed promotional materials displaying the name: "Treasures …. Gentlemen's Restaurant & Club." *See* **Exhibit H.** The website homepages for Treasures of Houston, and for Treasures Gentlemen's Club & Steakhouse (of Las Vegas) are respectively shown in **Exhibits G&J**. The second page of **Exhibit G** shows the information at the bottom of the Treasures website home page, where it lists the dba's of all the other defendants (Splendor, Cover Girls, and Centerfolds) in this case, and also lists "Treasures Las Vegas" (presumably referring to Treasures Gentlemen's Club & Steakhouse), thus indicating all these

entities are commonly owned and operated. Defendants have stipulated that all Defendants, including D. Texas Investments, Inc. and D. Houston, Inc., have the same directors and officers. *See* "Stipulated Facts," Dkt. 60.[4]

The Texas Secretary of State records (**Exhibit E**) show that D. Houston, Inc. previously was the entity dba TREASURES, but its certificate of right to do business under an assumed name (under Tex. Bus. Com. Code § 71.101) expired on July 15, 2023. The assumed name certificate lasts for ten years. Prior to that, from July 3, 1995 to July 3, 2005, D. Houston Inc. had a first assumed name certificate to do business as Treasures. On July 3, 2005, its first certificate expired, and it had no assumed name certificate from July 3, 2005 to July 15, 2013.

D. Texas Investments, Inc. and A.H.D. Houston, Inc. have been named as the entities dba Treasures in at least two unrelated litigations that went to appeal. *See* A.*H.D. Houston, Inc. d/b/a Centerfolds; Dwg Fm Inc. d/b/a Splendor; D. Houston Inc. d/b/a Treasures; A.H.D. Houston, Inc. d/b/a Centerfolds; and W.L. York, Inc. d/b/a Cover Girls, incorrectly named as A.H.D.Houston, Inc. d/b/a Centerfolds; Dwg Fm Inc. d/b/a Splendor; D. Texas Investments, Inc. d/b/a Treasures; A.H.D. Houston, Inc. d/b/a Treasures; and W.L. York, Inc. d/b/a Treasures v. Jaime Middleton; et al.*, Court of Appeals of Texas, First District, Houston, No. 01-22-00176-CV (July 25, 2022); *The PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, Plaintiff—Appellant, v. A.H.D. HOUSTON, INCORPORATED, doing business as Centerfolds; D WG FM, Incorporated, doing business as Splendor; D. Texas Investments, Incorporated, doing business as Treasures; A.H.D. Houston, Incorporated, doing business as Treasures; W.L. York, Incorporated, doing business as Treasures, et al.,* 84 F.4th 274 (5th. Cir. 2023).

---

[4] The entity owning Treasures Gentlemen's Club & Steakhouse of Las Vegas also has the same directors and officers as Defendants. **Exhibits I&J.**

In the 2022 case from the Court of Appeals of Texas, First District, Houston, No. 01-22-00176-CV (*supra*), the highlighted part of the case heading shows that there was a correction of an incorrectly named party (Cover Girls) filed. But no correction was made regarding the party "D. Texas Investments, Inc. dba Treasures," thereby confirming the impression, by the time the current case was filed in 2023, that D. Texas Investments, Inc. is a party dba Treasures.

## IV.     Argument

### IV.1 Through Deception and Discovery Obstruction, D. Houston, Inc. Hid Its Identity As the Party dba Treasures

On August 13, 2024, Defendants first alleged (Dkt. 41) that D. Houston, Inc. is the only party with the right to do business as Treasures.[5] D. Texas Investments, Inc. is the party currently named as dba Treasures Gentlemens Club in the FAC. In view of Defendants' recent identification of D. Houston, Inc. as the party dba Treasures, Plaintiffs request leave to add D. Houston, Inc. as an additional defendant dba Treasures.

Defendants' deception as to ownership of Treasures started early in this case, with their counsel's signing a waiver of service (**Exhibit B)** in which D. Texas Investments, Inc. is dba Treasures Gentlemens Club. Opposing counsel, Casey Wallce, is registered agent for D. Texas Investments, Inc. (**Exhibit C).** He did not object to service on D. Texas Investments, Inc. as dba Treasures, and has never filed a motion to dismiss it as a party.

Over one year after waiving service, Defendants claimed for the first time that D. Houston, Inc., not D. Texas Investments Inc., was the party dba Treasures. *See* Dkt. 41. D. Houston, Inc. and D. Texas Investments Inc. both have the same directors and officers *See* "Stipulated Facts,"

---

[5] Nevertheless, D. Houston, Inc. has not reinstated its assumed name certificate with the Texas Secretary of State and thus has not properly, in compliance with the state law, identified itself as the party dba Treasures.

Dkt. 60 and **Exhibit I**. As noted above, D. Texas Investments Inc. is also named as the entity dba Treasures in two unrelated litigations that went to appeal,: one in 2022 to Court of Appeals of Texas, First District, Houston, and a case decided by the Fifth Circuit Court of Appeals in 2023.

Treasures calls itself "Treasures Houston's Premier Gentleman's Club" on its website. **Exhibit G.** Its website also indicates it's affiliated with "Treasures Las Vegas," which appears to be a reference to the entity dba Treasures Gentlemen's Club & Steakhouse (in Las Vegas). **Exhibit G.** It also apparently distributed promotional materials displaying the name: "Treasures …. Gentlemen's Restaurant & Club." *See* **Exhibit H.** Thus, Treasures has held itself out as being the first word in one of the following names for it: "Houston's Premier Gentleman's Club," and "Gentlemen's Restaurant & Club." It has also identified itself with "Treasures Gentlemen's Club & Steakhouse" of Las Vegas. Accordingly, the name for it in the FAC, *i.e.,* "Treasures Gentlemens Club" is an appropriate identifier for this entity.

Defendants' counsel also obstructed discovery regarding the identity of the party dba Treasures, by failing to identify, in response to Plaintiffs' interrogatory No. 3 (**Exhibit F**), "the full corporate name, address, all Board members and officers, and any dbas for …*any entity dba TREASURES as either all or part of the business' name*." (emphasis added)

As Defendants' counsel is the registered agent for D. Texas Investments, Inc., he certainly knew which entity was being referenced in the pleadings as "Treasures Gentlemens Club." It is thus entirely appropriate, and certainly it is "on just terms" (Fed. R. Civ. P. 21) to enter the Second Amended Complaint, where "Treasures" is the dba for D. Texas Investments, Inc., and where D. Houston, Inc. is also another party dba Treasures. *See e.g*., *Eckman v. Northgate Terrace Apartments, LLC*, No. 03-18-00254-CV*4 (Tex. App. Jun 28, 2018) ("Furthermore, it is well settled that an assumed name is not a legal entity and that the holder of an assumed name is liable

personally for the assumed name's debts, judgments, or other liabilities. See Tex. R. Civ. P. 28 (providing that '[a]ny individual . . . doing business under an assumed name may sue or be sued in its . . . assumed or common name for the purpose of enforcing for or against it a substantive right, *but on a motion by any party or on the court's own motion the true name may be substituted'*))." (emphasis added)

That it is "on just terms" (Fed. R. Civ. P. 21) to name D. Houston, Inc. as dba Treasures is shown further by the fact that all discovery Defendants conducted in this case was done after notice from Plaintiffs on August 2, 2024 (*see* Joint Pretrial Order, Dkt. 37, p.2 [6]) that Plaintiffs intended to move to add D. Houston, Inc. as a party. Up to re-opening of discovery on August 15, 2024 (Dkt. 44), Defendants had not served any discovery requests or served any deposition notices, or attempted any other discovery. All Defendants' discovery was conducted thereafter.

**1V.2 Entering the Second Amended Complaint (Exhibit A) Is Required by Justice Because It Reflects that Claims and Parties Have Been Abandoned and Dismissed**

The Second Amended Complaint (**Exhibit A**) differs from the FAC (Dkt. 31) in that class action claims and allegations relating to them are removed in the Second Amended Complaint (**Exhibit A**). This case was not certified as a class action. Parties who were dismissed earlier (Chanel Nicholson, the first named plaintiff, Joeanne Colmes and Tabitha Vann) and their claims and allegations, are also removed. Defendants, in fact, have requested in their motion in limine (Dkt. 61) to exclude evidence relating to certain such non-viable allegations, which were supported

---

[6] Dkt. 37, p.2 "STATEMENT OF THE CASE " reads: "Plaintiffs contend that D. Houston, Inc. d/b/a Treasures Gentlemen's Club has concealed its ownership and/or operation of Treasures or Treasures Gentlemens Club in the Texas Secretary of State records, but that if it is in facts dba Treasures or Treasures Gentlemens Club, it should be added as a party Defendant. Plaintiffs will thus make a motion to add D. Houston, Inc. as a party defendant …"

by a dismissed plaintiff, Ms. Nicholson.[7] The Second Amended Complaint also has no claims against the former directors and officers of Defendants, as they were dismissed.

Justice seems to require removing such non-viable claims and allegations. Fed. R. Civ. P. 15(a)(2).

### 1V.3 Clarification of a Constructive Discharge-Like Damages Theory for Plaintiff Williams in the Second Amended Complaint Is Warranted

The Second Amended Complaint (**Exhibit A**) also clarifies the back pay damage claims by Plaintiff L. Williams against Treasures. Claims for back pay were made in the FAC, Dkt. 23 ¶¶ 99, 101. The basis for clarifying the back pay damages was raised by Plaintiffs on August 2, 2024 in Dkt. 37, "Plaintiffs' Contentions":

> She endured constant racial harassment and a hostile and abusive work environment, forced tipping of managers under threats of denial of access for work if not paid, and *relegation to less desirable and less lucrative shifts by managers*, all based on her race. [emphasis added]

Similarly, in Plaintiff Williams' declaration in opposition to Defendants' summary judgment motion,[8] she stated: "I was hired during the day, and  it was conveyed to me immediately that I was only allowed to work day shift, from 11AM to  7PM, because I was considered 'too dark' to work at night."

---

[7] See Dkt. 61, p. 4: "Plaintiffs, their counsel and witnesses should be precluded from making any mention or reference, either directly or indirectly, that any manager, employee or other agent affiliated with Defendants have engaged in human trafficking, or suggested, recommended, required or condoned that Plaintiffs or any other exotic dancer commit illegal acts, including prostitution."

[8] A motion for leave to file her declaration (Dkt. 42), with her declaration (Dkt. 42-1), was filed on August 14, 2024.

In Plaintiffs' Jury Instructions filed on November 5, 2024 (Dkt. 60-7), special interrogatories numbered 29-32 relate to the back pay for Liosha Williams from relegation to such less desirable shifts at Treasures.

Plaintiff Williams' claims for back pay as damages meet all requirements for "constructive discharge," though her License and Access Agreement with Treasures was never terminated and she continued to exercise her right to access Treasures under her agreement, even after racially-harassing conditions were imposed on her: i.e., racially harassing comments reminding her of how rare it was to be allowed into Treasures as a Black dancer; relegation to either only work during non-preferred times, or forcing her to stay on premises for over 14 hours so that she stayed until night shift, which came after the day shift on which she was permitted to work. Plaintiff Williams nevertheless continued to exercise her access rights in her agreement with Treasures, and come there from time to time for about four years. But the conditions at Treasures were so intolerable that she was forced into concurrently working at other establishments, where though she earned less than she would have at Treasures, she was permitted to work night shift.[9] *See Jurgens v. E.E.O.C.*, 903 F.2d 386, 390 (5th Cir. 1990) ("We specifically endorsed a reasonable-employee test: 'To find constructive discharge we believe that 'the trier of fact must be satisfied that the ... working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.' Id. (quoting *Alicea Rosado v. Garcia Santiago*, 562 F.2d 114, 119 (1st Cir.1977))."

It is also noted that opposing counsel still has ample opportunity to take any discovery it perceives as needed to explore Plaintiff Williams' claims, or any other claims it chooses to further

---

[9] Most of these facts were established in Liosha Williams' deposition, taken by Defendants on October 18, 2024. Plaintiffs have requested but have still not received a copy of her deposition to review for changes, under Fed. R. Civ. P. 30(e).

investigate. Plaintiff filed a motion for an additional three month trial continuance on August 21, 2024 (Dkt. 45), which was granted on November 12, 2024 (Dkt. 52). Trial is set for February 10 2025. Although an earlier order (Dkt. 44) closed discovery on October 18, 2024, the parties had agreed to keep discovery open after that pursuant to the Court's procedures "3. Continuances: The parties may agree to extensions of discovery deadlines without seeking court approval …" Plaintiffs are continuously communicating with Defendants about a convenient time to depose an employee/manager of Defendants, pursuant to these procedures. Defendants have stated they are trying to reach him to arrange it.

**Conclusion**

Plaintiffs accordingly, move for leave to enter the Second Amended Complaint (**Exhibit A**) as its entry satisfies the requirements under Fed. R. Civ. P. 15(a)(2) and 21, and adds D. Houston, Inc., which is as a necessary party under Fed. R. Civ. P. 19.

Respectfully Submitted,


By:  /s/*Eric P. Mirabel*
Eric P. Mirabel
Texas State Bar No. 14199560
Southern District ID No. 9708
eric@emirabel.com
3783 Darcus St.
Houston, Texas 77005
Tel:  281 772-3794
Fax: 713 667 4234
**ATTORNEY FOR PLAINTIFFS**


CERTIFICATE OF CONFERENCE

On November 22, 2024, I emailed opposing counsel, Casey Wallace, a first draft of the Second Amended Complaint, and stated I would call Monday, November 25th, to conference about it and determine if he opposed it. On Monday, November 25th, I emailed him a final draft of the Second Amended Complaint and asked for a conference. Through the day, I placed four phone calls to him without answer, and left two voice mails, requesting a conference about it. He emailed me at

about 11PM on November 25th, and stated he was sorry for the late response and was opposed to the motion. He appears to be unable or unwilling to conference about it, as I had requested several times.

/s/*Eric P. Mirabel*


CERTIFICATE OF SERVICE

On this 26th day of November, 2024, I hereby certify that a true and correct copy of the foregoing document was served on opposing counsel via the Clerk of the Court through the ECF system.

/s/*Eric P. Mirabel*