IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | |
|---|---|
| LIOSHA WILLIAMS, DESTINY ILORI, AND JALAYCIA DECLOUET, §§§§§ *Plaintiffs,* v. A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a THE COVER GIRLS; D WG FM, INC d/b/a SPLENDOR, D. TEXAS INVESTMENTS INC / AHD HOUSTON d/b/a TREASURES GENTLEMENS CLUB; ALI DAVARI and HASSAN DAVARI, *Defendants.* | CIVIL ACTION NO. 4:23-cv-01025 |

**Motion by Eric P. Mirabel to Intervene of Right for Litigation Costs, and for Consideration of his Motion for Sanctions against Opposing Counsel**

Intervenor seeks intervention of right under Fed. R. Civ. P. 24(a)(2), relying on 28 USC § 1920 as the federal statute governing cost awards, in order to protect his interests in obtaining his costs from an award in this case. The undersigned claims an interest relating to the property or transaction that is the subject of the action, because he has a contingent fee agreement with each of the three plaintiffs (Mss. Ilori, Williams and Declouet) who had their claims litigated at a trial on Feb. 9, 2026, their contingent fee agreements provide for an award of fees and costs to him, he is so situated that disposing of the action may as a practical matter impair or impede his ability to protect his interest, and no existing parties adequately represent that interest. It's well recognized in this court and this circuit that attorneys can intervene of right for fees (and costs) when they have a contingent fee agreement. *Miniex v. Hous. Hous. Auth.*, Civ. No. 4:17-0624 (S.D. Tex. Jun 05, 2019), and cases cited therein. The Appendix attached shows his costs in this matter total $3,838.53, before withdrawal.

1

As explained in detail in his Motion for Sanctions filed herewith, Eric P., Mirabel, intervenor, was forced to agree to withdraw as counsel for plaintiffs in this matter on January 17, 2025 because opposing counsel, Casey Wallace and Ben Allen ("Wallace & Allen") filed a frivolous, unsupported motion (Dkt. 68), then disobeyed court rules and court orders, relied on fabricated and altered evidence, lied repeatedly to the Court and obstructed discovery to cover their lies and proposed use of fabricated and altered evidence; and, filed a "supplement" (Dkt. 69) to Dkt. 68, where this supplement included inflammatory but immaterial (irrelevant) texts from intervenor to former co-plaintiff Chanel Nicholson, which Wallace & Allen then repeatedly read them to the court, in violation of Tex. Disciplinary Rules Prof'l Conduct 3.04(c)(2), wherein all of these actions by them forced the undersigned to accept the Court's offer to withdraw on Jan. 17, 2025, and also resulted in multiplying the proceedings unreasonably and vexatiously under 28 USC § 1927. *See Cooper v. Retrieval-Masters Creditors Bureau, Inc*., 42 F.4th 688, 695 (7th Cir. 2022):

> Sanctions pursuant to Rule 11 are appropriate when counsel's actions reflect a "callous disregard for governing law or the procedures of the court." *Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992). Similarly, we have upheld sanctions under 28 U.S.C. § 1927 when counsel acted unreasonably and with a "serious and studied disregard for the orderly process of justice." (citations omitted)

*In re Ruben*, 825 F.2d 977, 989 n. 10 (6th Cir. 1987) ("A groundless motion to disqualify opposing counsel may support a sanction under 28 U.S.C. Sec. 1927."); *Northwest Bypass Group v. U.S. Army Corps of Engineers*, 569 F.3d 4 (1st Cir. 2009) (Sanctions upheld for filing a disqualification motion that was "ill-founded," "frivolous," and "without legal or factual foundation.") *See also Lyn-Lea Travel Corp. v. American Airlines, Inc*., 283 F.3d 282, 291 (5th Cir. 2002) ("All that is required to support § 1927 sanctions is a determination, supported by the record, that an attorney

multiplied proceedings in a case in an unreasonable manner. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir.1991).").

Intervenor, accordingly, further requests to intervene for consideration of his Motion for Sanctions filed herewith, because the actions by Wallace & Allen represent a blatant and "serious and studied disregard for the orderly process of justice," *Cooper,* 42 F.4th at 695, as explained in detail in his Motion for Sanctions filed herewith.

Granting this motion to intervene is respectfully sought.

Respectfully Submitted,

By:   /s/*Eric P. Mirabel*
Eric P. Mirabel
Texas State Bar No. 14199560
Southern District ID No. 9708
eric@emirabel.com
3783 Darcus St.
Houston, Texas 77005
Tel:  281 772-3794

CERTIFICATE OF SERVICE
On this 19th day of May, 2026, I hereby certify that a true and correct copy of the foregoing document was served on all counsel via the Clerk of the Court through the ECF system.

/s/*Eric P. Mirabel*
CERTIFICATE OF CONFERENCE

I emailed a draft version of another intervention motion to Mr. Wallace (counsel for defendants) and Mr. Barrett (counsel for plaintiffs) on March 30, 2026, told them I intended to file the motion the next day, and asked if they would oppose, consent or wanted to confer. They both wrote back that they opposed. I emailed Mrrs. Wallace and Barrett again on May 18, 2026, and asked if they would oppose, consent or wanted to confer about this motion, and a motion for oral hearing and a motion for sanctions. Mr. Wallace stated he opposed but asked to see all the motions, for consideration, and they were all sent that day. On May 19, 2026, he did not respond to inquiries. Mr. Barrett never did not respond to the May 18th inquiry, and his opposition is assumed, based on his earlier opposition to the motion to intervene.
 /s/*Eric P. Mirabel*    5.19.2026

| Deposition Subject | Date | Deposition Expense for Party Administering Oath and Recording | Deposition Transcription Expense |
|---|---|---|---|
| Crystal Cowart | 3.14.2024 | $200 | $960 (transcription software) |
| Ali Davari | 10.10.2024 | $100 (didn't appear) | |
| Hassan Davari | 10.10.2024 | $100 (didn't appear) | |
| Jarian McCary Stokes | 10.18.2024 | $100 | |
| Hal Naumann | 10.22.2024 | $150 | |
| Hassan Davari | 10.24.2024 | $100 | |
| Inninwe Dakouo | 10.31.2024 | $150 | |
| Ali Davari | 11.1.2024 | $300 | |
| Alicia Robinson | 10.28.2024 | | $948.53 (copy of deposition) |
| | | | |
| **Column Totals** | | $1200 | $1908.53 |
| **DEPOSITION COST TOTAL: $3,108.53** | | | |

/s/*Eric P. Mirabel*        Date: 5.18.2026


**APPENDIX: COST SUMMARY**


Court case filing fee: $405

**Copy expenses**: of exhibits for hearing on January 17, 2025: $135

Subpoena cost for witness **Andrew Skwera** to appear at trial on August 19, 2024 and again on November 18, 2024: $190

**TOTAL COSTS: $3,838.53**