EXHIBIT J2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, on behalf of herself and other similarly situated Plaintiffs,<br><br>*Plaintiff,*<br><br>v.<br><br>A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a THE COVER GIRLS; D WG FM, INC d/b/a SPLENDOR, D. TEXAS INVESTMENTS INC / AHD HOSUTON d/b/a TREASURES GENTLEMENS CLUB; ALI DAVARI and HASSAN DAVARI,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:23-cv-01025<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION AND FIRST SET OF REQUESTS FOR ADMISSION**

To:    Plaintiffs, Liosha Williams, Destiny Ilori, Jalaycia Declouet, Lindsey Smith, and Corina Castro, by and through their attorney of record, Eric P. Mirabel, 3783 Darcus St., Houston, Texas 77005.

Pursuant to the Federal Rules of Civil Procedure, Defendants A.H.D. Houston, Inc., W.L. York, Inc., D WG FM, Inc., and D. Texas Investments, Inc., serve these objections and responses to Plaintiffs' Fourth Set of Requests for Production and First Requests for Admission.

**Dated: September 18, 2024.**

Respectfully submitted,

**WALLACE & ALLEN, LLP**

 /s/ Casey T. Wallace
Casey T. Wallace
State Bar No. 00795827
SDTX Bar. No. 20117
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
cwallace@wallaceallen.com
**ATTORNEY IN CHARGE FOR
DEFENDANTS**

**OF COUNSEL FOR DEFENDANTS:**
Benjamin W. Allen
State Bar No. 24069288
SDTX Bar No. 1058996
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
ballen@wallaceallen.com

same, see documents produced contemporaneously with this Response.

**REQUEST FOR PRODUCTION 23:**
Produce all Documents, Correspondence including employment agreements and all personnel records for Jere Gibbons at all or any of A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a COVER GIRLS; D WG FM, INC. d/b/a SPLENDOR; D TEXAS INVESTMENTS INC.; all parties d/b/a TREASURES or TREASURES GENTLEMENS CLUB; all parties previously dba Gold Cup.

**RESPONSE:**
The named and served defendants which have not been dismissed from this suit object to this request as it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the named and served defendants object to this request because it is vague and ambiguous, not limited in time or scope, is overbroad and unduly burdensome and is harassing and vexatious. Subject to the objections, and without waiving the same, see documents produced contemporaneously with this Response.

**REQUEST FOR PRODUCTION 24:**
All Documents including Correspondence and reports by entertainers/dancers or employees of or relating to harassment at all or any of A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a COVER GIRLS; D WG FM, INC. d/b/a SPLENDOR; D TEXAS INVESTMENTS INC.; all parties d/b/a TREASURES or TREASURES GENTLEMENS CLUB; all parties previously dba Gold Cup.

**RESPONSE:**
The named and served defendants that have not been dismissed from this suit have no documents responsive to this Request.

**REQUEST FOR PRODUCTION 25:**
All Documents including Correspondence and reports by entertainers/dancers or employees of or relating to racial discrimination at all or any of A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a COVER GIRLS; D WG FM, INC. d/b/a SPLENDOR; D TEXAS INVESTMENTS INC.; all parties d/b/a TREASURES or TREASURES GENTLEMENS CLUB; all parties previously dba Gold Cup.

**RESPONSE:**
The named and served defendants that have not been dismissed from this suit have no documents responsive to this Request.

**REQUEST FOR PRODUCTION 26:**
All Documents and Correspondence, including audio recordings of telephone conversations, between opposing counsel and Chanel E.M. Nicholson.

**RESPONSE:**
The named and served defendants that have not been dismissed from this suit have no documents responsive to this Request.

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, et al., | § | Civil Action 4:23−cv− 01025 |
| Plaintiffs | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| A.H.D. HOUSTON, INC. d/b/a | § | |
| CENTERFOLDS; W.L. YORK, INC. d/b/a | § | |
| COVER GIRLS; D WG FM, INC. d/b/a | § | |
| SPLENDOR; D TEXAS INVESTMENTS INC / | § | |
| AHD HOUSTON d/b/a TREASURES | § | |
| GENTLEMENS CLUB; ALI DAVARI; | | |
| HASSAN DAVARI, | | |
| Defendants | | |

## **PLAINIFFS' FIFTH REQUESTS FOR PRODUCTION OF DOCUMENTS AND SECOND SET OF REQUESTS FOR ADMISSION**

TO:     Defendants A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a COVER GIRLS; D WG FM, INC. d/b/a SPLENDOR; D TEXAS INVESTMENTS INC / A.H.D. HOUSTON d/b/a TREASURES GENTLEMENS CLUB; ALI DAVARI; HASSAN DAVARI, through their counsel.

Pursuant to Rules 34 and 36 of the Federal Rules of Civil Procedure, Plaintiffs request that you answer Plaintiffs' Fifth Set of Requests for Production, and Second Set of Requests for Admission, as set forth below, within 30 days after service.  Please produce all documents and tangible things in your possession, custody, or control to Plaintiff's counsel in electronic form unless the parties reach a different agreement.

Respectfully submitted,

By:  */s/ Eric P. Mirabel*
Eric P. Mirabel
3783 Darcus St.
Houston, Texas 77005
Telephone: (281) 772-3794
eric@emirabel.com

A**TTORNEY FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

On this 10th day of September, 2024, I hereby certify that a true and correct copy of the foregoing document was served via email to defendants' counsel.  /s/ Eric Mirabel

meetings, recordings and transcripts of conversations, appointment books, diaries, work papers, drafts, outlines, studies, commentary or analysis about any matter, compact disc, e-mail, text messages, electronic and digital files and data, and any other matter from which information can be obtained, and shall include every non-identical copy, draft and version and all those copies, drafts and versions containing any commentary, marginal comments, words, terms, drawings, or notations whatsoever that do not appear in the original.

10. "Correspondence" means and includes all Documents, letters, telegrams, telexes, memoranda, notes, telecopies, email, electronic or electrical messages, other textual, audio, video, images, and written communications, and all records of any communication.

11. Each of the words "each," "any," and "all" mean each, every, any, and all, and should be construed to make the discovery question or request in which they appear more inclusive rather than less inclusive.

12. "Identify" or "identity" when referring:

(a) to a person, means to state their or her name, a present or last known address, telephone number, title or position, and place of employment, and, if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable.

(b) to Documents, means you shall provide a legible copy of the document or electronic or ESI record with your response; but if you do not provide such a copy pursuant to a claim of privilege you must provide: a complete description of the document referred to, including its title, if it has any, the date it was prepared, its author or the name of the person who prepared it, the person to whom it was addressed, all recipients, the subject matter of the document, the type of document and the identity of the person or persons who have possession, custody of, control over, or access to it; and, if the above information is not available, give some other means of identifying it; its present location; and the name of each of its present custodians.

(c) to any other matter, means to give a reasonably detailed description thereof, including, if applicable for a tangible matter: when, where and how it was made, and to identify who made it and who has present or last known possession, custody or control thereof.

(d) to other lawsuits or other actions of any type in any court, means separately for each such action the identity of all parties, the court and cause number, the date on which such action was initiated, the identity of the opposing attorney(s), the outcome of the case including the description of any judgment or other relief granted in each such action, and, if a civil action, the nature of the cause of action.

13. The terms "lawsuit" and "case" refer to the above styled and numbered cause.

14. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

15. Whenever a single form of a word is used, it also should be construed to encompass the plural; whenever a plural form is used, it is also should be construed to encompass the singular.

16. The "First Amended Complaint" or "FAC" is Document No. 23 in this matter, with the parties in the caption above. Other pleadings in this case are also referenced by their document number or name.

17. The term "opposing counsel" means members of the firm of Wallace & Allen, LLP, or their directors, officers, members, associates, legal assistants, employees, agents, and attorneys.

Identify all Documents you obtained from any person through a Request for Production, release or authorization, or subpoena in connection with this lawsuit.

RESPONSE:

**<u>REQUEST FOR PRODUCTION NO. 32:</u>**

Identify all Documents that you intend to use or rely upon at any trial and/or deposition in this lawsuit either as an exhibit, document to refresh recollection, for impeachment, in an affirmative defense, or for any other reason.

RESPONSE:

**<u>REQUEST FOR PRODUCTION NO. 33:</u>**

Identify all Documents that refer or relate to any employment that Witnesses have applied for or otherwise made efforts to obtain from 2014 to the present, specifically including, but not limited to, copies of resumes, any employment applications submitted to prospective employers, offers or acceptance of employment, and job descriptions of positions for which a Witness made application, regardless of whether the Witness was offered the position.

RESPONSE:

**<u>REQUEST FOR PRODUCTION NO. 34:</u>**

Identify all Documents supporting, referring or relating to any employment held by Witnesses since 2013 (including but not limited to self-employment), or to any other income received by any Witnesses since 2013.

RESPONSE:

**<u>REQUEST FOR PRODUCTION NO. 35:</u>**

Identify all Documents relating to Witnesses income from Defendants or while working at Defendants.

RESPONSE:

**<u>REQUEST FOR PRODUCTION NO. 36:</u>**

Identify all Documents supporting, referring or relating to any petition for voluntary or involuntary bankruptcy in which Witnesses were named as a debtor and/or party in interest, including but not

limited to, if Witnesses were the petitioner, specifically including copies, without implied limitations, of the schedule of assets and discharge of indebtedness.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37:**

Identify all Documents or Correspondence relating to or between Witnesses and the U.S. EEOC and/or any state agency related to a charge of racial discrimination filed with the EEOC and/or the state agency by Witnesses.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38:**

Identify all Documents relating to any court matter or proceeding, civil or criminal, in which Witnesses were a party as a plaintiff, defendant, debtor, and/or third party.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 39:**

Identify all Documents reflecting that Witnesses advised, notified, disclosed, and/or complained to any of Defendants or any other party about alleged racial discrimination, harassment, interference with access or exit, tipping and/or retaliation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 40:**

Identify all Documents or Correspondence between Witnesses and any current or former employees, officers, directors, attorneys (including opposing counsel), DJs, entertainers, dancers, bus boys, bartenders, managers, or other personnel at Defendants.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 41:**

Identify all Documents or Correspondence supporting, referring or relating to any PPP Loan which Witnesses have applied for or received.

RESPONSE:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, on behalf of herself and other similarly situated Plaintiffs,<br><br>　　　*Plaintiff,*<br><br>v.<br><br>A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS; W.L. YORK, INC. d/b/a THE COVER GIRLS; D WG FM, INC d/b/a SPLENDOR, D. TEXAS INVESTMENTS INC / AHD HOSUTON d/b/a TREASURES GENTLEMENS CLUB; ALI DAVARI and HASSAN DAVARI,<br><br>　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:23-cv-01025<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION AND SECOND SET OF REQUESTS FOR ADMISSION**

To:　Plaintiffs, Liosha Williams, Destiny Ilori, Jalaycia Declouet, Lindsey Smith, and Corina Castro, by and through their attorney of record, Eric P. Mirabel, 3783 Darcus St., Houston, Texas 77005.

Pursuant to the Federal Rules of Civil Procedure, Defendants A.H.D. Houston, Inc., W.L. York, Inc., D WG FM, Inc., and D. Texas Investments, Inc., serve these objections and responses to Plaintiffs' Fifth Set of Requests for Production and Second Requests for Admission.

**Dated: October 10, 2024.**

Respectfully submitted,

**WALLACE & ALLEN, LLP**

*/s/ Casey T. Wallace*

Casey T. Wallace
State Bar No. 00795827
SDTX Bar. No. 20117
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
cwallace@wallaceallen.com
**ATTORNEY IN CHARGE FOR
DEFENDANTS**

**OF COUNSEL FOR DEFENDANTS:**
Benjamin W. Allen
State Bar No. 24069288
SDTX Bar No. 1058996
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
ballen@wallaceallen.com

- 2 -

this Interrogatory is seen as a Request for Production, it is seeking documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving the same, the named and served Defendants that have not been dismissed from this suit have no documents responsive to this Request.

**REQUEST FOR PRODUCTION 32:**

Identify all Documents that you intend to use or rely upon at any trial and/or deposition in this lawsuit either as an exhibit, document to refresh recollection, for impeachment, in an affirmative defense, or for any other reason.

**RESPONSE:**

Defendants object to this Request for Production because it does not seek the production of documents, but rather for Defendants to identify certain documents. This request, therefore, is an Interrogatory. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. *See* FED. R. CIV. P. 33(a)(1). Plaintiffs have already served, and the Defendants have answered 25 interrogatories in this case; Plaintiffs have thus exceeded the allowable number of interrogatories.

**REQUEST FOR PRODUCTION 33:**

Identify all Documents that refer or relate to any employment that Witnesses have applied for or otherwise made efforts to obtain from 2014 to the present, specifically including, but not limited to, copies of resumes, any employment applications submitted to prospective employers, offers or acceptance of employment, and job descriptions of positions for which a Witness made application, regardless of whether the Witness was offered the position.

**RESPONSE:**

Defendants object to this Request for Production because it does not seek the production of documents, but rather for Defendants to identify certain documents. This request, therefore, is an Interrogatory. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. *See* FED. R. CIV. P. 33(a)(1). Plaintiffs have already served, and the Defendants have answered 25 interrogatories in this case; Plaintiffs have thus exceeded the allowable number of interrogatories. Further, Defendants object because even if this Interrogatory is seen as a Request for Production, it does not identify with any particularity what documents Plaintiffs are seeking either by name or by identifiable category, the Request is therefore vague. Finally, Defendants object because even if this Interrogatory is seen as a Request for Production, it is seeking documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

documents, but rather for Defendants to identify certain documents.  This request, therefore, is an Interrogatory.  Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  *See* FED. R. CIV. P. 33(a)(1).  Plaintiffs have already served, and the Defendants have answered 25 interrogatories in this case; Plaintiffs have thus exceeded the allowable number of interrogatories.   Further, Defendants object because even if this Interrogatory is seen as a Request for Production, it does not identify with any particularity what documents Plaintiffs are seeking either by name or by identifiable category, the Request is therefore vague.  Finally, Defendants object because even if this Interrogatory is seen as a Request for Production, it is seeking documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION 39:**
Identify all Documents reflecting that Witnesses advised, notified, disclosed, and/or complained to any of Defendants or any other party about alleged racial discrimination, harassment, interference with access or exit, tipping and/or retaliation.

**RESPONSE:**

Defendants object to this Request for Production because it does not seek the production of documents, but rather for Defendants to identify certain documents.  This request, therefore, is an Interrogatory.  Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  *See* FED. R. CIV. P. 33(a)(1).  Plaintiffs have already served, and the Defendants have answered 25 interrogatories in this case; Plaintiffs have thus exceeded the allowable number of interrogatories.   Further, Defendants object because even if this Interrogatory is seen as a Request for Production, it does not identify with any particularity what documents Plaintiffs are seeking either by name or by identifiable category, the Request is therefore vague.  Finally, Defendants object because even if this Interrogatory is seen as a Request for Production, it is seeking documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, and without waiving the same, Defendants have no documents subject to this Request.

**REQUEST FOR PRODUCTION 40:**
Identify all Documents or Correspondence between Witnesses and any current or former employees, officers, directors, attorneys (including opposing counsel), DJs, entertainers, dancers, bus boys, bartenders, managers, or other personnel at Defendants.

**RESPONSE:**

Defendants object to this request because it seeks information that if disclosed would violate the attorney/client communication privilege and the attorney work product privilege.  Defendants also object to this Request for Production because it does not seek the production of documents, but rather for Defendants to identify certain documents.  This request, therefore, is an Interrogatory.  Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  *See* FED. R. CIV. P. 33(a)(1).  Plaintiffs have already served, and the Defendants have answered 25 interrogatories in this case; Plaintiffs have thus exceeded the allowable number of interrogatories.  Further, Defendants object

because even if this Interrogatory is seen as a Request for Production, it does not identify with any particularity what documents Plaintiffs are seeking either by name or by identifiable category, the Request is therefore vague.  Finally, Defendants object because even if this Interrogatory is seen as a Request for Production, it is seeking documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION 41:**
Identify all Documents or Correspondence supporting, referring or relating to any PPP Loan which Witnesses have applied for or received.

**RESPONSE:**

Defendants object to this Request for Production because it does not seek the production of documents, but rather for Defendants to identify certain documents.  This request, therefore, is an Interrogatory.  Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  *See* FED. R. CIV. P. 33(a)(1).  Plaintiffs have already served, and the Defendants have answered 25 interrogatories in this case; Plaintiffs have thus exceeded the allowable number of interrogatories.  Finally, Defendants object because even if this Interrogatory is seen as a Request for Production, it is seeking documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION 42:**
Identify all sworn or unsworn statements, Correspondence and Documents in Defendants' possession, custody, or control (including Correspondence and Documents with opposing counsel or any other lawyers) relating to the certificates of ownership of incorporated business, filed in the assumed name records of Harris County for D. Houston, Inc., including the certificates in Dkt. Nos. 49-1, 49-2 and 49-3.

**RESPONSE:**

Defendants object to this request because it seeks information that if disclosed would violate the attorney/client communication privilege and the attorney work product privilege.  Defendants also object to this Request for Production because it does not seek the production of documents, but rather for Defendants to identify certain documents.  This request, therefore, is an Interrogatory.  Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  *See* FED. R. CIV. P. 33(a)(1).  Plaintiffs have already served, and the Defendants have answered 25 interrogatories in this case; Plaintiffs have thus exceeded the allowable number of interrogatories.  Further, Defendants object because even if this Interrogatory is seen as a Request for Production, it does not identify with any particularity what documents Plaintiffs are seeking either by name or by identifiable category, the Request is therefore vague.  Finally, Defendants object because even if this Interrogatory is seen as a Request for Production, it is seeking documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.